# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JOSE CUNNINGHAM                                               PLAINTIFF

v.                            No. 4:16-CV-00874-BSM-BD

NANCY A. BERRYHILL, Acting Commissioner,
Social Security Administration                             DEFENDANT

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. To be considered, objections must specifically explain the factual and legal basis for the objection. All objections must be received by the Clerk of Court within fourteen (14) days of this Recommendation. By not objecting, parties may waive the right to appeal questions of fact.

## DISCUSSION

Jose Cunningham applied for social security disability benefits with an alleged disability onset date of January 17, 2012. (R. at 84). The administrative law judge (ALJ) denied the application after a hearing. (R. at 136). The Appeals Council remanded for further review. (R. at 143–45). After a second hearing, the ALJ again denied benefits. (R. at 22–23). The Appeals Council denied review. (R. at 1). Mr. Cunningham filed this case requesting judicial review.

## I. The Commissioner's Decision

The ALJ found that Mr. Cunningham had engaged in substantial gainful activity (SGA) through December of 2014. (R. at 13). He continued to work in 2015, but the ALJ found that Mr. Cunningham's 2015 earnings fell short of the amount required for a finding of SGA. (R. at 13–14). The ALJ determined, therefore, that Mr. Cunningham had not engaged in SGA for more than 12 months. (R. at 14).

Mr. Cunningham's type II diabetes and arthritis were identified as severe impairment. (R. at 14) The ALJ found, however, that Mr. Cunningham had the residual functional capacity (RFC) to lift and/or carry up to ten pounds occasionally; sit a total of six hours in an eight-hour workday; stand and/or walk a total of two hours in an eight-hour workday; understand, remember, and carry out detailed instructions; and respond to changes within the work place. (R. at 16). A vocational expert testified that, with this RFC, Mr. Cunningham could perform his past relevant work as a bus driver, as actually performed. (R. at 22). The ALJ determined, therefore, that Mr. Cunningham was not disabled. (R. at 22–23).

## II. Discussion

The Court's review of the Commissioner's decision is limited to determining whether substantial evidence on the record as a whole supports the Commissioner's findings. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted).

The Court cannot reverse a decision merely because evidence in the record would also support a different outcome.

Mr. Cunningham contends that the Commissioner's decision is not adequately supported because the ALJ failed to identify some impairments as severe and failed to consider the impairment in combination. He also maintains that the ALJ failed to fully and fairly develop the record; erred in determining his RFC; and incorrectly found that he could return to his past relevant work.

### a. Consideration of Impairments

The ALJ found Mr. Cunningham's hypertension, depression, anemia, and headaches were not severe. (R. at 14–15). Mr. Cunningham asserts that these impairments were indeed severe. His medical records, however, indicate that his hypertension was benign, that his anemia was mild, and that his headaches were controlled with medication (R. at 474, 482, 520, 543, 567, 613, 616, 624, 810). Mr. Cunningham has not pointed to any records indicating that these impairments imposed functional limitations beyond those limitations found by the ALJ. Instead, he merely states that the ALJ erred by finding them non-severe.

Mr. Cunningham argues more fully that his depression was severe. He maintains that the ALJ gave too much weight to a consultative examination performed in 2013. (R. at 578–83). He argues that the examination was too old to be reliable, but in objecting to the weight given to this examination, Mr. Cunningham relies on a diagnosis of severe depression that also dates to 2013. (R. at 1018, 1066). Furthermore, both examinations occurred after his alleged onset date. Mr. Cunningham points to records showing that he

had a plan to commit suicide in 2014; but records show that he later conceded that he had not been serious and that he would never commit suicide. (R. at 987–88, 992, 1010–11, 1012).

Significantly, Mr. Cunningham continued to work part-time as a security guard, a fact that belies disabling depression. (R. at 47). Moreover, he admitted that that he did not take medication prescribed for his depression when he went to work and suffered no ill effects from depression at work. (R. at 62–63). It would be difficult to find error in the ALJ's determination that Mr. Cunningham's depression was not severe given Mr. Cunningham's concession that depression posed no problem for him at work, and that he deliberately did not take depression medication when he worked.

Mr. Cunningham has not identified, much less pointed to evidence in the record, the additional limitations the ALJ should have included to account for the combined effects of his impairments. Here, the ALJ's consideration of Mr. Cunningham's impairments is thorough and includes discussions of all of his medically determinable impairments. The decision indicates that the ALJ considered all of Mr. Cunningham's impairments in combination, including both severe and non-severe.

### b. Development of the Record

Mr. Cunningham requested an additional consultative examination at the hearing (R. at 80–81), but the ALJ found additional examination unnecessary. (R. at 21). Mr. Cunningham contends that this finding was in error and resulted in a record that was not fully and fairly developed.

An ALJ must order additional examinations if a critical issue is underdeveloped. This requirement applies, however, only if there is insufficient evidence in the record for the ALJ to make a disability determination. *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011). Evidence of Mr. Cunningham's diagnoses and his medical records, together with his testimony and evidence regarding his daily activities, were sufficient for the ALJ to make a decision without further consultative examinations.

### c. RFC Determination

Mr. Cunningham argues that the ALJ erred in his RFC determination. He contends that the medical evidence and evidence of his daily activities suggest greater restrictions than those found by the ALJ. He also argues that the ALJ incorrectly found his allegations to not be entirely credible.

Again, the record shows that Mr. Cunningham continued to work 24 hours per week as a security guard. (R. at 47). Although he reported a pain level of 8 on a 10-point scale at an examination in July of 2013 (R. at 622), he admitted, he was still working at that time. Furthermore, the reason he left his job as a bus driver was a citation for driving under the influence of intoxicants, not because of a disabling condition. (R. at 51, 283).

In addition, evidence in the record shows that Mr. Cunningham missed appointments with healthcare providers and failed to take medication as prescribed. (R. at 63, 1002, 1225, 1227). An ALJ properly considers a claimant's actions that are inconsistent with claims of disabling pain in assessing the claimant's credibility. *Chaney v. Colvin*, 812 F.3d 672, 677 (8th Cir. 2016). Mr. Cunningham's continued work and his admitted failure to comply with treatment regimens justify the ALJ's decision to discount

his allegations of disabling pain. Moreover, the record is devoid of physician-imposed limitations that would suggest a more restrictive RFC than that determined by the ALJ.

### d. Past Relevant Work

Finally, Mr. Cunningham argues that he cannot perform all the necessary functions of a bus driver, including driving, due to vision problems and lack of ability to concentrate. The record does not support his contention regarding disabling vision problems. His optometrist noted no significant problems in his eye examinations. (R. at 610, 624, 947). Furthermore, Mr. Cunningham acknowledged that his complaints of blurred vision could have been the result of dirty glasses. (R. at 624). He testified at the hearing that he had a driver's license and that he could, and did, drive. (R. at 52).

Mr. Cunningham's claims that he could not work due to his poor concentration is not supported by the record. (R. at 928). Neither the consultative examiner nor his treating psychiatrist noted any difficulties in attention and concentration. (R. at 582, 995, 1227). Again, his ability to maintain a job for 24 hours per week also weighs against this contention. He apparently was sufficiently reliable to keep that part-time job.

## III. Recommended Disposition

The ALJ's decision is supported by substantial evidence on the record as a whole and is not based on legal error. For these reasons, the Commissioner's decision denying benefits should be AFFIRMED.

DATED this 7th day of September, 2017.

_____
UNITED STATES MAGISTRATE JUDGE